UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAROL LORENZINI,                                             CASE NO.:

      Plaintiff,

vs.

CARNIVAL CORPORATION
dba CARNIVAL CRUISE LINE,
a Panamanian corporation;

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CAROL LORENZINI (hereinafter "Plaintiff"), by and through her undersigned counsel, sues Defendant CARNIVAL CORPORATION dba CARNIVAL CRUISE LINES, a Panamanian corporation (hereinafter "CCL" or "Defendant") and alleges:

### I.     PRELIMINARY ALLEGATIONS
#### a. The Parties

1.    Plaintiff, CAROL LORENZINI, is a citizen and resident of the state of California and is otherwise *sui juris*.

2.    Defendant CCL is a corporation incorporated under the laws of Panama having its principal place of business and domicile in Miami, Florida.

#### b.     Jurisdiction and Venue

3.    The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

4. In the event this matter does not come under diversity jurisdiction of the court, then this matter is being brought under the admiralty and maritime jurisdiction of the court pursuant to 28 U.S.C. 1333.

5. Defendant CCL, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;

   b. Was engaged in substantial activity within this state; and/or

   c. Operated vessels in the waters of this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193; and/or

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendant was engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard their various vessels.

6. Defendant CCL is subject to the jurisdiction of this Court.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant, CCL, owned, operated, managed, maintained, and/or controlled the vessel "Sunrise".

9. On or about Thursday, May 23, 2019, Plaintiff was a paying passenger on Defendant, CCL's vessel "Sunrise" which was in navigable waters.

### c.     General Factual Allegations

10.     On Thursday, May 23, 2019, Plaintiff, and her husband boarded a cruise on Defendant CCL's "Sunrise" vessel for a four-day sailing to Bermuda out of the port of New York City, New York.

11.     On Thursday, May 23, 2019, at or about around 11:00 p.m., Plaintiff proceeded to sit on a bench at the Sunrise's Red Frog bar however the bench collapsed causing Plaintiff to first fall forward into a stool and then to the floor causing her serious and permanent injuries.

12.     Upon information and belief, the bench collapsed due to parts of the seating not being properly bolted to the wall for support ("the defective condition").

13.     All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

### COUNT I – FAILURE TO WARN

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

14.     It was the duty of Defendant CCL to warn the Plaintiff of any risk creating conditions of which it had actual or constructive notice.

15.     The foregoing defective condition of the of bench at the Red Frog bar existed for a sufficient length of time such that Defendant CCL in the exercise of reasonable care under the circumstances should have learned of the defective condition.

16.     Defendant CCL knew or should have known of the defective condition of the bench at the Red Frog bar such that it was obligated to warn Plaintiff of same.

17. Despite Defendant CCL's active or constructive knowledge of the defective condition of the bench at the Red Frog bar, it failed to warn or otherwise provide notice Plaintiff of the hazardous condition, thus directly and proximately causing Plaintiff's injuries.

18. As a direct and proximate result of Defendant CCL's failure to warn the Plaintiff of the defective condition of the bench, Plaintiff sustained permanent injuries including but not limited to disfigurement, suffered severe physical pain, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries both in the past and anticipated to be incurred in the future and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant CARNIVAL CORPORATION as well as for court costs and further demands trial by jury for all such issues so triable as a matter of right.

## COUNT II – NEGLIGENT MAINTENANCE

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs one (1) through thirteen (13) as though alleged originally herein.

19. It was the duty of Defendant CCL to provide Plaintiff with reasonable care under the circumstances.

20. On or about Thursday, May 23, 2019, Defendant CCL, its agents, servants, and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

21. Defendant CCL negligently failed investigate and/or determine the hazards on the vessel to Plaintiff and negligently failed to eliminate the hazards.

22. Defendant CCL failed to conduct reasonably timely maintenance, inspections, or repairs of its seating in the Sunrise's Red Frog bar such that a bench collapsed as Plaintiff attempted to sit on it.

23. The foregoing defective condition of the of bench at the Red Frog bar existed for a sufficient length of time such that Defendant CCL in the exercise of reasonable care under the circumstances should have learned of the defective condition.

24. Defendant CCL had actual and/or constructive knowledge that the bench at the Red Frog bar required maintenance and yet failed to reasonably maintain same in a timely fashion.

25. Alternatively, Defendant CCL failed to have a proper, adequate and safe maintenance procedures and protocols to ensure the safety of its passengers.

26. As a direct and proximate result of Defendant CCL's negligent failure to provide Plaintiff with reasonable care under the circumstances as above alleged, Plaintiff sustained permanent injuries including but not limited to disfigurement, suffered severe physical pain, mental and emotional anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, other mental and/or nervous disorders, suffered aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries both in the past and anticipated to be incurred in the future and suffered physical handicap. The injuries and damages are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendant CARNIVAL CORPORATION as well as for court costs and further demands trial by jury for all such issues so triable as a matter of right.

Dated this 28th day of August, 2020.

CHARLIP LAW GROUP, LC
*Counsel for Plaintiff*
999 Brickell Avenue
Suite 840
Miami, Florida 33131
Phone: (305) 354-9313
Fax: (305) 354-9314
dcharlip@charliplawgroup.com
assistant@charliplawgroup.com


By:   /s/ David H. Charlip, B.C.S.
         David H. Charlip, B.C.S.
         Florida Bar No. 329932